UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
                                         :

THE CITY OF NEW YORK and THE BOARD OF
EDUCATION OF THE CITY SCHOOL DISTRICT OF
THE CITY OF NEW YORK,
                                         :        No. 15 Civ. 8220 (AJN) (RLE)

                         Plaintiffs,          :

                   -against-               :        **DECLARATION OF**
                                           :        **ANJAN MISHRA IN**
LIBERTY MUTUAL INSURANCE COMPANY,    :        **SUPPORT OF**
                                         :        **PLAINTIFFS' CLAIMS**
                      Defendant.        :        **FOR DEFENSE COSTS**
                                         :        **<u>AND ATTORNEYS' FEES</u>**
-------------------------------------------------------------------x

      **ANJAN MISHRA**, an attorney admitted to practice before this Court, declares, under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the following is true and correct:

      1.      I am an Assistant Corporation Counsel in the Office of Zachary W. Carter, Corporation Counsel of the City of New York.  I make this declaration in support of the City of New York ("City") and the Board of Education of the City School District of the City of New York a/k/a the New York City Department of Education's ("DOE" and together with the City, "Plaintiffs") claims against defendant Liberty Mutual Insurance Company ("Liberty") for reimbursement of defense costs and attorneys' fees Plaintiffs have incurred in defending themselves in the following actions pending in the Supreme Court of the State of New York: (a) *Patricia James v. New York City School Construction Authority, New York City Department of Education, and City of New York*, Index No. 021897/2014 (the "*James* Action"); (b) *Kathleen Mertz v. The City of New York, the New York City Department of Education, and New York City School Construction Authority*, Index No. 006209/2014 (the "*Mertz* Action"); and (c) *Mary Anne V. Guarnaccia v. City of New York, New York City School Construction Authority, and New York City Department of Education*, Index No. 505355/2014 (the "*Guarnaccia* Action").

2.      I make this affirmation based upon my personal knowledge, my work on this case, and my review of the files maintained by my office.

3.      This Court declared on September 28, 2017 that Liberty had a duty to defend in the three actions and further declared that Plaintiffs were entitled to recover their defense costs.  Despite the Court's order, Liberty has yet to provide a defense to Plaintiffs in the *James*, *Mertz*, or *Guarnaccia* Actions.   The Court also requested briefing on the amount of defense costs owed to Plaintiffs.  This declaration sets forth the amount that Plaintiffs are owed. Because Liberty has yet to step up and provide a defense, Plaintiffs reserve their right to seek recovery of the additional defense costs they continue to incur in the respective actions, including interest thereon, until the time they receive a defense from Liberty.

A.      **THE REASONABLE RATE FOR ATTORNEY AND PARALEGAL TIME**

4.      Plaintiffs, through the New York City Law Department ("Law Department"), tendered to Liberty the defense of the three underlying actions by letter, as follows: (a) the *James* Action on June 5, 2014; (b) the *Mertz* Action on June 12, 2014; and (c) the *Guarnaccia* Action on July 24, 2014.  *See* R. 56.1 Stat. [Dkt. No. 33] ¶¶ 15, 24, 31.

5.      When an insurance carrier wrongfully refuses to acknowledge its defense obligations to the City or DOE, the Law Department charges the carrier $250 an hour for attorney time and $75 for paralegal time.  *See* R. 56.1 Stat. [Dkt. No. 33] ¶ 46. The Law Department is entitled to recover these charges for its services from the moment of notification through the time, if any, when the carrier provides a defense.  This rate has been upheld as reasonable by several New York court decisions since as long ago as 2002. R. 56. 1 Stat. [Dkt. No. 33] ¶ 47. *See, e.g., City of New York v. Northern Ins. Co. of N.Y.*, Index No. 44178/99, slip op. at 4, 9 (N.Y. Sup. Ct. Kings Cty. Dec. 11, 2002) [Dkt. No. 32-12] (awarding City attorneys' fees of $250/hour for defense of suit alleging contractor's employee was injured while working

on City construction project); *City of New York v. Illinois Nat'l Ins. Co.*, Index No. 33798/06, slip op. at 2, 4 (N.Y. Sup. Ct. Kings Cty. Nov. 22, 2010) [Dkt. No. 32-13] (awarding City attorneys' fees of $250/hour for defense of suit alleging City vehicle struck and injured bicyclist at intersection with defective traffic light).[1]

6.      Federal court decisions have upheld rates of up to $350/hour for Law Department attorneys. *See, e.g.*, *City of New York v. Venkataram*, No. 06 Civ. 6578 (NRB), 2012 U.S. Dist. LEXIS 99814, at *7 n.2 (S.D.N.Y. July 18, 2012) (approving $350/hour for senior Law Department litigation attorney and $250/hour for less experienced litigator); *Adams v. N.Y.S. Educ. Dep't*, 630 F. Supp. 2d 333, 349–50 (S.D.N.Y. 2009) (approving $350/hour for senior labor and employment litigator with Law Department).

7.      "It is well-settled that an attorney's customary rate is a significant factor in determining a reasonable rate." *Reiter v. Metro. Transp. Auth.*, No. 01 Civ. 2762 (GWG), 2004 U.S. Dist. 18167, at **13–14 (S.D.N.Y. Sept. 10, 2004) (collecting cases); *accord Danaher Corp. v. Travelers Indem. Co.*, No. 19 Civ. 0121 (JPO) (JCF), 2015 U.S. Dist. LEXIS 14159, at *11 (S.D.N.Y. Jan. 16, 2015) ("As the Seventh Circuit has observed, where an insurer denies its duty to defend, the insured who is paying attorneys' fees has an 'incentive to minimize its legal expenses.'") (quoting *Taco Bell Corp. v. Continental Casualty Co.*, 388 F.3d 1069, 1075–76 (7th Cir. 2004)).

8.      In general, a lodestar approach for estimating reasonable attorneys' fees entails that "the number of hours reasonably expended on the litigation is multiplied by a reasonable hourly rate for attorneys and paraprofessionals." *Grant v. Martinez*, 973 F.2d 96, 99

---

[1] In support of their motion for summary judgment, Plaintiffs supplied true and correct copies of the decisions in *Northern Insurance* and *Illinois National* as Exhibits 12 and 13 to the Declaration of Anjan Mishra, dated September 9, 2016 [Dkt. No. 32].

(2d Cir. 1992). "The relevant issue, however, is not whether hindsight vindicates an attorney's time expenditures, but whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures." *Id.*

9.     There is a "'strong presumption' that the lodestar represents the 'reasonable' fee . . . ." *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992). A party advocating an upward or downward departure from the lodestar "bears the burden of establishing that an adjustment is necessary to the calculation of a reasonable fee." *Grant*, 973 F.2d at 101.

**B.    THE TIME AND EXPENSES THE LAW DEPARTMENT HAS INCURRED**

10.     As set forth below and in the accompanying declarations of supervising attorneys Stacey Salvo, Brian Cody, and Vlad Turkiya — which are attached, respectively, as **Exhibits 1, 2,** and **3** — Plaintiffs have incurred attorneys' fees, paralegal fees, and expenses in connection with the defense of the *James*, *Mertz*, and *Guarnaccia* Actions. Without accounting for prejudgment interest, these fees and expenses amount to **$16,674.85.** Because the Law Department is a public law office representing the City and DOE, it does not bill its hours in the manner of a private law firm and therefore its capture of hours spent on each case undoubtedly understates the number of hours actually worked.

### The *James* Action

11.     Since Plaintiffs tendered the defense of the *James* Action to Liberty on June 5, 2014, Law Department attorneys have recorded 11.25 hours of work performed in the defense of the *James* Action. *See* Declaration of Stacey L. Salvo, dated October 19, 2017 ("Salvo Decl."), & Exhibit A annexed thereto (table report generated to reflect Law Department attorney and paralegal case-activity entries and expenses incurred in defense of *James* Action since June 5, 2014). Law Department non-attorney staff members have recorded an additional 4 hours of work performed in the defense of the *James* Action during this timeframe.

12.     At a rate of $250/hour and without accounting for accrued prejudgment interest, the attorneys' fees for the 11.25 hours recorded by Law Department attorneys in connection with the defense of the *James* Action during the relevant time period amount to **$2,812.50**. *See* Salvo Decl., Ex. A.

13.     At a rate of $75/hour and without accounting for accrued prejudgment interest, the fees for the 4 hours recorded by Law Department paralegals in connection with the defense of the *James* Action during the relevant time period amount to **$300.00**.  *See* Salvo Decl., Ex. A.

14.     In addition to their attorneys' and paralegal fees, Plaintiffs incurred expenses in the defense of the *James* Action.  As set forth in the table report annexed as Exhibit A to Salvo's declaration, the Law Department incurred expenses of **$399.10** since tendering the defense of the *James* Action.  These fees were for the cost of stenographic services for the March 7, 2017 deposition of Patricia James.

15.     Taking together the $2,812.50 in attorneys' fees, $300 in paralegal fees, and $399.10 in expenses, and without accounting for prejudgment interest, the reasonable defense costs that the Law Department has incurred and recorded in defending the *James* Action since June 5, 2014 amount to **$3,511.60**.

### The *Mertz* Action

16.     Since Plaintiffs tendered the defense of the *Mertz* Action to Liberty on June 12, 2014, Law Department attorneys have recorded 30.75 hours of work performed in the defense of the *Mertz* Action.  *See* Declaration of Brian D. Cody, dated October 19, 2017 ("Cody Decl."), & Exhibit A annexed thereto (table report generated to reflect Law Department attorney and paralegal case-activity entries and expenses incurred in defense of *Mertz* Action since June

12, 2014).  Law Department non-attorney staff members have recorded an additional 4.75 hours of work performed in the defense of the *Mertz* Action during this timeframe.

17.     At a rate of $250/hour and without accounting for accrued prejudgment interest, the attorneys' fees for the 30.75 hours recorded by Law Department attorneys in connection with the defense of the *Mertz* Action during the relevant time period amount to **$7,687.50**.  *See* Cody Decl., Ex. A.

18.     At a rate of $75/hour and without accounting for accrued prejudgment interest, the fees for the 4.75 hours recorded by Law Department paralegals in connection with the defense of the *Mertz* Action during the relevant time period amount to **$356.25**.  *See* Cody Decl., Ex. A.

19.     In addition to their attorneys' and paralegal fees, Plaintiffs incurred expenses in the defense of the *Mertz* Action.  As set forth in the table report annexed as Exhibit A to Cody's declaration, the Law Department incurred expenses of **$1,288.50** since tendering the defense of the *Mertz* Action.  These fees consisted of: (a) $385.00 for the cost of stenographic services for the June 23, 2017 deposition of Kathleen Mertz; and (b) $903.50 for services of a vendor that performed surveillance in July and August 2017 and whose invoices the Law Department paid in October 2017.

20.     Taking together the $7,687.50 in attorneys' fees, $356.25 in paralegal fees, and $1,288.50 in expenses, and without accounting for prejudgment interest, the reasonable defense costs that the Law Department has incurred and recorded in defending the *Mertz* Action since June 12, 2014 amount to **$9,332.25**.

## The *Guarnaccia* Action

21.     Since Plaintiffs tendered the defense of the *Guarnaccia* Action to Liberty on July 24, 2014, Law Department attorneys have recorded 13 hours of work performed in the defense of the *Guarnaccia* Action.  *See* Declaration of Vlad Turkiya, dated October 19, 2017 ("Turkiya Decl.") & Exhibit A annexed thereto (table report generated to reflect Law Department attorney and paralegal case-activity entries and expenses in defense of *Guarnaccia* Action since July 24, 2014).

22.     At a rate of $250/hour and without accounting for accrued prejudgment interest, the attorneys' fees for the 13 hours recorded by Law Department attorneys in connection with the defense of the *Guarnaccia* Action during the relevant time period amount to **$3,250.00**. *See* Turkiya Decl., Ex. A.[2]

23.     In addition to their attorneys' fees, Plaintiffs incurred expenses in the defense of the *Guarnaccia* Action.  As set forth in the table report annexed as Exhibit A to Turkiya's declaration, the Law Department incurred expenses of **$671.00** since tendering the defense of the *Guarnaccia* Action.   These fees consisted of: (a) $346.00 for the cost of stenographic services for the July 8, 2015 deposition of Mary Anne Guarnaccia; and (b) $325.00 for the cost of an orthopedic medical examination of Guarnaccia on August 31, 2015.

24.     Taking together the $3,250 in attorneys' fees and $671 in expenses, and without accounting for prejudgment interest, the reasonable defense costs that the Law Department has incurred and recorded in the defense of the *Guarnaccia* Action since July 24, 2014 amount to **$3,921.00**.

---

[2] An attorney from a law firm represented Plaintiffs *pro bono* at the deposition of Mary Anne Guarnaccia on July 8, 2015.  *See* Turkiya Decl., Ex. A.  Plaintiffs do not seek to recover attorneys' fees for this time since they of course incurred no such fees in conducting the deposition.

## C.   PLAINTIFFS' ENTITLEMENT TO PREJUDGMENT INTEREST

25.     When an insurance carrier wrongfully refuses to acknowledge its defense obligations, the insured is entitled to recover prejudgment interest from the dates it incurs fees and expenses in connection with defending the underlying personal-injury action.   *See e.g.*, *National Union Fire Ins. Co. of Pittsburgh, PA v. Greenwich Ins. Co.*, 103 A.D.3d 473, 474 (1st Dep't 2013) (awarding prejudgment interest where insurance company breached duty to defend); *Danaher Corp. v. Travelers Indem. Co.*, No. 10 Civ. 121 (JPO), 2015 U.S. Dist. LEXIS 48769, at \*\*18–20 (S.D.N.Y. Apr. 13, 2015) (same).   The entitlement to prejudgment interest applies equally to additional insureds, like the City and DOE here.   *See Netherlands Ins. Co. v. Selective Ins. Co. of Am.*, No. 14 Civ. 7132 (KPF), 2016 U.S. Dist. LEXIS 26980, at \*22 (S.D.N.Y. Mar. 3, 2016) (awarding prejudgment interest to additional insured on its defense costs).

26.     The New York statute governing prejudgment interest provides that "[i]nterest shall be recovered upon a sum awarded because of a breach of performance of a contract," CPLR § 5001(a), and that such interest "shall be computed from the earliest ascertainable date the cause of action existed, except that interest upon damages incurred thereafter shall be computed from the date incurred," CPLR § 5001(b).   "The Second Circuit 'has consistently held that, in diversity cases commenced under New York law, the source of the right to prejudgment interest' is section 5001."   *Danaher*, 2015 U.S. Dist. LEXIS 48769, at \*18 (quoting *Ginett v. Computer Task Grp., Inc.*, 962 F.2d 1085, 1102 (2d Cir. 1992)).   *See Turner Constr. Co. v. Am. Mfrs. Mut. Ins. Co.*, 485 F. Supp. 2d 480, 490 (S.D.N.Y. 2007) (concluding that, "under New York law, the awarding of interest on breach of contract claims, including breach of third-party insurance policies, is non-discretionary" and awarding prejudgment interest on additional insured's defense costs), *aff'd*, 341 F. App'x 684 (2d Cir. 2009).

8

27.     Pursuant to CPLR § 5004, prejudgment "[i]nterest shall be at the rate of nine per centum per annum, except where otherwise provided by statute." *See also Turner*, 485 F. Supp. at 490 (same) (citing CPLR § 5004).

28.     Accordingly, Plaintiffs have set forth their computation of prejudgment interest in the table exhibits accompanying each supervisory attorney declaration. The sixth and seventh columns of those tables — entitled, "Statutory Interest" and "Total Fees/Expenses + Interest" — present the computation of such interest from the date that Plaintiffs incurred these attorneys' and paralegal fees and expenses. Through October 19, 2017, prejudgment interest at the statutory rate amounted to $321.67 for the *James* Action (*see* Salvo Decl., Ex. A), $595.81 for the *Mertz* Action (*see* Cody Decl., Ex. A), and $409.01 for the *Guarnaccia* Action (*see* Turkiya Decl., Ex. A). These amounts total **$1,326.49** in prejudgment interest.

29.     Prejudgment interest continues to accrue at the statutory rate. For example, through November 13, 2017 — when Plaintiffs' reply submission is due — accrued interest on these fees and expenses will amount to $343.31 for the *James* Action, $653.33 for the *Mertz Action*, and $433.18 for the *Guarnaccia* Action, and altogether total $1,429.82.

## D.     SUMMARY OF PLAINTIFFS' DAMAGES CLAIMS

30.     The table below summarizes Plaintiffs' damages claims:

| | Attorneys' Fees ($250/hr.) | Paralegal Fees ($75/hr.) | Expenses | TOTAL DEFENSE COSTS (without interest) | Accrued Prejudgment Interest through 10/19/17 | TOTAL DEFENSE COSTS (with interest) |
|---|---|---|---|---|---|---|
| *James* | $2,812.50 | $300.00 | $399.10 | $3,511.60 | $321.67 | $3,833.27 |
| *Mertz* | $7,687.50 | $356.25 | $1,288.50 | $9,332.25 | $595.81 | $9,928.06 |
| *Guarnaccia* | $3,250.00 | $0.00 | $671.00 | $3,921.00 | $409.21 | $4,330.01 |
| TOTALS | $13,750.00 | $656.25 | $2,358.60 | $16,674.85 | $1,326.49 | $18,091.34 |

31.     Accordingly, on Plaintiffs' sixth cause of action for recovery of defense costs in the *James* Action, Plaintiffs seek damages of $3,511.60, plus accrued prejudgment interest through the date of payment or judgment.  With prejudgment interest accrued through October 19, 2017, Plaintiffs' claim for damages on its sixth cause of action totals $3,833.27.

32.     On Plaintiffs' eighth cause of action for recovery of defense costs in the *Mertz* Action, Plaintiffs seek damages of $9,332.25, plus accrued prejudgment interest through the date of payment or judgment.  With prejudgment interest accrued through October 19, 2017, Plaintiffs' claim for damages on its eighth cause of action totals $9,928.06.

33.     On Plaintiffs' tenth cause of action for recovery of defense costs in the *Guarnaccia* Action, Plaintiffs seek damages of $3,921.00, plus accrued prejudgment interest through the date of payment or judgment.  With prejudgment interest accrued through October 19, 2017, Plaintiffs' claim for damages on its tenth cause of action totals $4,330.01.

34.     For the foregoing reasons, Plaintiffs respectfully request that the Court issue an order and enter judgment that Defendant Liberty must reimburse Plaintiffs for their defense costs totaling $16,674.85, including an award of prejudgment interest to the Plaintiffs at the statutory rate of 9% per annum through the date judgment is entered, with such interest being no less than the $1,326.49 accrued through October 19, 2017.

Dated:  New York, New York
        October 20, 2017

_____
        ANJAN MISHRA

10